## Herman Grossman et al. v. William S. Cosgrove.

1. DAMAGES—*$5,000 Held not Excessive in a Personal Injury Case.* —The court discusses the evidence bearing on the question of damages in a suit to recover for personal injuries and concludes, in view of the facts shown, that a judgment for $5,000 is not excessive.

2. APPELLATE COURT PRACTICE—*Errors not Argued Deemed Waived.*

—Where an appellant assigns a number of errors, but calls attention in his brief to only one, the court will assume that he has waived all other. assignments of error and will not consider them.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. James Goggin, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed April 18, 1898.

Hofheimer & Pflaum, attorneys for appellants.

Alfred E. McCordic and James J. Barbour, attorneys for appellee.

Mr. Justice Windes delivered the opinion of the Court.

Appellee recovered a verdict and judgment of $5,000 in the Superior Court, for personal injuries received by him because of the negligence of appellants' servant in the operation of an elevator cab in appellants' building. Appellants have assigned divers errors, but call attention in their brief to one only—that the verdict is grossly excessive—and we therefore assume they have waived all other assignments of error, and have not considered them.

As a result of appellee's injuries, received September 16, 1893, he was disabled for about five months, had to go on crutches six months, and carried a cane two years; his wounds were dressed once or twice a day for five months; he required the services of a nurse three months, and incurred expenses, for physicians, medicines and nurse, of nearly $900. At the time of the trial, in April, 1897, his foot was stiff and caused him considerable pain, and he had to walk bearing three-quarters of his weight on the ball of his foot. This condition is permanent, and can not be removed by an operation. The bone of his leg is calloused. It is impossible for him to do physical labor requiring him to be constantly on his feet. Since the accident, when at work, he tires easily and grows nervous and irritable for apparently trivial causes. Prior to his injury he was a shoe salesman, both capable and efficient, quick and active, enjoyed good health, and received a weekly salary of $18.

He did not work for one and one-half years after the injury.

In view of the foregoing facts, which are not controverted, we do not think the verdict is excessive.   It is not claimed that the verdict was not the result of the calm, impartial and careful consideration of the jury, nor that they were actuated by any feelings of passion or prejudice in reaching the conclusion they did.   This being so, and the verdict having received the approval of the trial court, we think the judgment should be and it is affirmed.